Douglas A. Thompson (California Bar No. 155619)
douglas.thompson@bclplaw.com
Linda C. Hsu (California Bar No. 239880)
linda.hsu@bclplaw.com
Traci G. Choi (California Bar No. 307245)
traci.choi@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, California  90401-2386
Telephone:   (310) 576-2100
Facsimile:    (310) 576-2200

C. Angelia Duncan (*Pro Hac Vice Application to Be Submitted*)
angelia.duncan@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Wells Fargo Center
301 S. College Street, Suite 3900
Charlotte, North Carolina 28202-0902
Telephone:   (704) 749-8999
Facsimile:    (704) 749-8990

Attorneys for Defendant
BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARI SCHWARTZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, and DOES 1-10 Inclusive,<br><br>Defendant. | Case No.<br><br>(Santa Cruz County Superior Court Case No. 21CV01285)<br><br>**NOTICE OF REMOVAL OF DEFENDANT BANK OF AMERICA, N.A. PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453**<br><br>**[CAFA JURISDICTION]**<br><br>[*Filed concurrently with Civil Cover Sheet; Certification of Interested Entities; and Corporate Disclosure Statement*] |

- 1 -
NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF ARI SCHWARTZ, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Bank of America, National Association ("Defendant" or "BANA") hereby removes this action from the Superior Court of the State of California for the County of Santa Cruz, Case No. 21CV01285, to the United States District Court for the Northern District of California. This removal is made pursuant to 28 U.S.C. sections 1332, 1441, 1446, and 1453. The grounds for removal are as follows:

## STATEMENT OF JURISDICTION

This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332, *et seq.*, as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, and is one that may be removed to this Court, pursuant to 28 U.S.C. § 1441 and for the below reasons.

## THE REMOVED ACTION

1. On May 18, 2021, Plaintiff commenced a putative class-action lawsuit against Defendant in the Superior Court of the State of California, County of Santa Cruz, entitled "*Ari Schwartz, individually, and on behalf of all others similarly situated vs. Bank of America, National Association, and DOES 1-10 Inclusive,*" Case No. 21CV01285.

2. On May 25, 2021, Plaintiff personally served the following documents on Defendant's agent for service of process, C T Corporation System: (a) Summons; (b) Class Action Complaint; and (c) Civil Case Cover Sheet. A true and correct copy of the Summons is attached hereto as "**Exhibit A**". A true and correct copy of the Class Action Complaint is attached as "**Exhibit B**". A true and correct copy of the Civil Case Cover Sheet is attached as "**Exhibit C**".

3. Exhibits A through C to this Notice of Removal constitute all

1  pleadings, process and orders served in this action at the time of removal.

2      4.    Plaintiff alleges the following cause of action against Defendant on behalf of himself and on behalf of all others similarly situated: Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*).

    5.    Plaintiff defines the putative class as "All persons who, between the applicable statute of limitations and the present, requested forbearance and/or deferred payments on mortgage loans serviced by Defendant and had the balance of their mortgage loan increased as a result of doing so." (Compl. ¶ 25.)

    6.    Defendant denies Plaintiff's claim, denies that any class may be certified under the rigorous analysis required by FRCP Rule 23 and related applicable case law, and makes no admission by way of this removal.

## REMOVAL IS TIMELY

    7.    28 U.S.C. § 1446(b)(1) provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

    8.    "[N]otice of removability under § 1446(b)(1) is determined through examination of the four corners of the applicable pleadings[.]" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

    9.    Defendant removed this action within 30 days of being served with the initial pleading on May 25, 2021. There is no question that removal is timely.

## PLAINTIFF'S COMPLAINT IS SUBJECT TO REMOVAL UNDER CAFA

    10.    The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"). As such, this action may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453.

    11.    Under CAFA, the federal district court has jurisdiction if:

    a) There are at least 100 class members in all proposed plaintiff classes; and

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

      b) The combined claims of all class members exceed $5 million exclusive of interest and costs; and

      c) Any class member (named or not) is a citizen of a different state than any defendant. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B) and 1453(a).

12. **The Parties are Minimally Diverse.** CAFA requires minimal diversity. That is, at least one putative class member must be a citizen of a state different from any one defendant. 28 U.S.C. §1332(d)(2)(A).

13. The named Plaintiff, Ari Schwartz, is a citizen of California. A person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that he "is a citizen and resident of the state of California." (Compl. ¶ 5.)

14. Defendant is a national banking association organized under the laws of the United States with its designated main office in North Carolina. It is therefore a citizen of North Carolina for purposes of diversity jurisdiction. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306-307 (2006) (holding that a national bank is a citizen of the State in which its main office is located).

15. The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a).

16. The minimal diversity requirement of 28 U.S.C. § 1332(d) is met in this action because the citizenship of at least one putative class member is diverse from the citizenship of at least one defendant. 28 U.S.C. § 1332(d)(2)(A). Plaintiff, a putative class member, is a citizen of California. (Compl. ¶ 5.) Defendant is a citizen of North Carolina. (*See* Compl. ¶ 6.) The citizenship of "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1). Therefore, the requisite minimal diversity exists between the parties.

17. **There Are At Least 100 Class Members in the Proposed Class.**

Plaintiff purports to bring this action on behalf of: "All persons who, between the applicable statute of limitations and the present, requested forbearance and/or deferred payments on mortgage loans serviced by Defendant and had the balance of their mortgage loan increased as a result of doing so." (Compl. ¶ 25.)

18.  The Complaint alleges that the purported class is "composed of thousands of persons" and that the "members of the class are so numerous that joinder of all members would be unfeasible and impractical." (Compl. ¶ 29.) Accordingly, the Complaint alleges that the aggregate number of putative class members is greater than 100 persons, as required by 28 U.S.C. § 1332(d)(5)(B).

19.  **The Amount in Controversy Exceeds $5 Million**. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6). A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

20.  Though the Complaint is silent as to the amount of damages sought, it is apparent from the allegations that, given the size of the putative class and the nature of the damages sought, the amount in controversy here exceeds the jurisdictional threshold.

21.  The Complaint seeks to certify a class of "[a]ll persons who, between the applicable statute of limitations and the present, requested a forbearance and/or deferred payments on mortgage loans serviced by Defendant and had the balance of their mortgage loan increased as a result of doing so." (Compl. ¶ 25.)

22.  Plaintiff and the putative class assert claims for actual damages they allegedly suffered because Defendant added additional months of mortgage payments to their total loan amounts, resulting in increased loan balances. (Compl. ¶¶ 10-23). The Complaint alleges Plaintiff requested forbearance of his mortgage

payments for two months, resulting in an overcharge of $9,289.32 when he paid off his loan.  (*Id.*)  Using Plaintiff's alleged overcharge as a baseline, and calculating even a half of that amount as potential damages ($4,644.66), the actual size of the putative class would only need to be 1,077 members, not "thousands," to reach an amount exceeding $5,000,000.  (Compl. ¶ 29).  In the alternative, if one assumes each putative class member suffered damages in an amount similar to the named plaintiff's $9,289.32 (as alleged "similarly situated" (Compl. ¶ 24)), a putative class of only 539 members would exceed $5,000,000 in claimed damages. In the event there are "thousands" of putative class members allegedly suffering similar harm, the amount in controversy as alleged could well exceed $10,000,000 (*e.g.* mathematical calculation: 2,001 x $9,289.32 = $18.587 million).

23.     Accordingly, the alleged damages and alleged putative class scope place the amount in controversy at an amount greater than $5,000,000, and removal of this action under CAFA is proper under 28 U.S.C. §1332(d).

## THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED

24.     In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the district in which the action is pending.  The Santa Cruz County Superior Court is located within the Northern District of California.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

25.     In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice.

26.     In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Santa Cruz.  Notice of Compliance shall be filed promptly afterwards with this Court.

27.     As required by Federal Rule of Civil Procedure 7.1, Defendant

concurrently filed its Certificate of Interested Parties.

## CONCLUSION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant hereby removes this action from the Superior Court of the State of California, Santa Cruz County, to the United States District Court for the Northern District of California.

Dated:     June 24, 2021     Douglas. A. Thompson
Linda C. Hsu
Traci G. Choi
**BRYAN CAVE LEIGHTON PAISNER LLP**


By:  /s/ *Linda C. Hsu*_____
         Linda C. Hsu
Attorneys for Defendant
BANK OF AMERICA, N.A.

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1920 Main Street, Ste. 1000, Irvine, CA 92614-7476. My email address is: theresa.macaulay@bclplaw.com.

On June 24, 2021, I served the foregoing document(s) described as:

**NOTICE OF REMOVAL OF DEFENDANT BANK OF AMERICA, N.A. PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453**

on all interested parties in this action, as follows:

| | |
|---|---|
| Todd M. Friedman<br>Adrian R. Bacon<br>LAW OFFICES OF TODD M. FRIEDMAN<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367 | *Attorney for Plaintiff*<br>ARI SCHWARTZ<br><br>Tel:  323-306-4234<br>Fax:  866-633-0228<br>Email: tfgriedman@toddflaw.com<br>          abacon@toddflaw.com |

[☒] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[☒] FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 24, 2021, at Irvine, California.



_____
Theresa Macaulay